IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

JILL COLEMAN,

     PLAINTIFF

     vs

GENERAL DYNAMICS INFORMATION
TECHNOLOGY, KEVIN WOOD,

     DEFENDANTS

_____

10 Civ 5708 (JGK)(AJP)
COMPLAINT
[JURTY TRIAL]

## I.  INTRODUCTION

1.  This is an action by the Plaintiff against the Defendant parties, individually and collectively, for the violation of her constitutional and civil rights as guaranteed under the laws and Constitution of the United States and the laws and Constitution of the State of New York.

2.  The Plaintiff claims that she was discriminated against, based on and because of her race and/or gender as an African American woman, in the terms and conditions of employment by General Dynamics Information Technology and Kevin Wood when she was denied a position, for which she had applied on or about March 27, 2009 with General Dynamics Information Technology, on or about April 30, 2009.

3.   The Plaintiff is an African American female citizen and resident of the City of Jersey City, New Jersey.

4.   The Plaintiff, who claims that she was discriminated because of her race and/or gender as an African American woman when she was denied a position for which she applied with the Defendant General Dynamics Information Technology, seeks injunctive relief and other equitable and monetary relief including employment by General Dynamics Information Technology and including lost wages and benefits from the period of time she was unlawfully denied the position for which she applied until the time of the adjudication of the violation of her rights and including damages for the emotional distress, mental anguish, and psychological trauma that she suffered as a consequence of the alleged discriminatory conduct associated with her rejection by the Defendants for the position with General Dynamics Information Technology and including whatever other monetary damages which the Plaintiff suffered as a consequence of her discriminatory treatment by the Defendants in their April 30, 2009 rejection of the Plaintiff for the position for which she applied on or about March 27, 2009 with General Dynamics Information Technology.

II. JURISDICTION

5.   Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331, 1332, 1343 [3] and [4],and 1367 in conjunction with the Civil Rights Acts of 1866 [as amended], 42 U.S.C. Sections 1981, and Title VII of the Civil rights Act of

1964 [as amended], 42 U.S.C. Sections 2001, et seq., and the Thirteenth Amendment to the United States Constitution.

6.  The Plaintiff filed a timely administrative agency Complaint with the New York City District Office of the United States Equal Employment Opportunity Commission on January 26, 2010 about the matters addressed and encompassed in the within Complaint.

7.  On July 22, 2010 the New York City District Office of the United States Equal Employment Opportunity Commission issued a "Notice of Right to Sue within 90 Days" letter to the Plaintiff pursuant to the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000[e], et seq..

8.  The Plaintiff received the said "Notice of Right to Sue within 90 Days" letter via email transmission on July 22, 2010.  A copy of the letter is attached hereto and made part hereof.

9.  This litigation is instituted within the 90 day period of receipt of said letter by the Plaintiff.

10.  Jurisdiction of this Court is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party/Pendent Claim Jurisdiction. The Plaintiff requests that the Court exercise its powers to invoke pendent claim and pendent party jurisdiction.

11.  The State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transactions and occurrences which rise to the Plaintiff's

federally based claims and causes of action.

12.  The Plaintiff also invokes the jurisdiction of this Court
in conjunction with the Declaratory Judgment Act, 28 U.S.C.
Sections 2201, et seq., this being an action in which the
Plaintiff, while seeking monetary damages, also seeks declaratory
and injunctive and other equitable relief in order to provide the
Plaintiff with a full and complete remedy for the violation of her
civil and constitutional rights including the employment of the
Plaintiff to the position for which she was rejected on or about
April 30, 2009 and from which she claims she was discriminatorily
rejected because of her race and/or gender as an African American
woman and including the awarding of monies which she lost in
salary as a consequence of her denial of employment and including
the award of benefits associated with the Plaintiff's hiring to
the position which she sought and which she was denied because of
her race and/or gender as an African American woman.

13.  Finally, the Court invokes the jurisdiction of this Court
pursuant to and under Section 1332, this being a litigation
involving individuals each of whom has a diverse residence and for
which there is no common residence. The Plaintiff and each of the
Defendants reside in different States although the challenged
conduct took place in the State of New York and within the venue
of this Court where the Plaintiff was denied employment by the
Defendants through their contract with the United States
government for deployment of information technologist to the

4

Department of Homeland Security in the New York City and Long Island, New York offices of said Homeland Security agency.

14.  The Defendant General Dynamics Information Technology has employees deployed to offices in the venue of this Court at 26 Federal Plaza; and, through those employees, General Dynamics Information Technology does business in the venue of this Court.

15.  The New York District Office of the United States Equal Opportunity Commission investigated the within matter when it received the Plaintiff's administrative agency Complaint; and said Office issued the Notice of right to Sue Letter on July 22, 2010.

16.  The value of the rights in question and the damages suffered as a consequence of the challenged conduct herein is in excess of one hundred thousand dollars [$100,000.00] exclusive of interest and costs.

17.  This is an action in which the Plaintiff seeks relief for the violation of her rights as guaranteed under the laws and Constitution of the United States and the laws and Constitution of the State of New York.

18.  This Court is a proper venue for the prosecution of this action since the employment, which the Plaintiff was denied, was employment within the geographic boundaries of this Court and where the Plaintiff previously was employed.

### III. PARTIES

19.  Plaintiff is an African American citizen and resident of Jersey City, New Jersey.

20.   Defendant General Dynamics Information Technology is a
business entity who has contracts with the United States
government which are implemented in the City of New York and where
as a business entity the Defendant General Dynamics Information
Technology employs individuals to perform duties for the United
States government.   Among the positions deployed by the Defendant
General Dynamics Information Technology in the City of New York as
part of Defendant General Dynamics Information Technology's
contract with the United States government is the position for
which the Plaintiff applied on or about March 27, 2009 and was
rejected and denied by Defendants General Dynamics Information
Technology and Kevin Wood on or about April 30, 2009.

21.   Defendant Kevin Wood was, at the times hereinafter
described, responsible, as the New York Regional Manager and
hiring manager for Defendant General Dynamics Information
Technology, for rejecting the Plaintiff for employment with
General Dynamics Information Technology in or about April 30,
2009.

22.   Although Defendant Kevin Wood's actions and conduct
hereinafter described were wrongful and unlawful and otherwise
unconstitutional, his actions and conduct were taken in the course
of his duties and functions as an authorized agent and employee of
the Defendant General Dynamics Information Technology and
incidental to the otherwise lawful performance of his duties and
functions as agents and employees of.

6

III. ALLEGATIONS

23.   The Plaintiff is an African American woman.

24.   The Plaintiff is forty eight years of age.

25.   The Plaintiff's birth date is March 8, 1962.

26.   The Plaintiff was born in New Rochelle, New York.

27.   The Plaintiff graduated from New Rochelle High School in 1980.

28.   The Plaintiff was raised in a single parent household.

29.   The Plaintiff has a younger brother.

30.   The Plaintiff's mother recently retired as a Social Worker for the County of Westchester.

31.   The Plaintiff is a graduate of Morgan Statue University in Baltimore, Maryland.

32.   The Plaintiff is the first person in her family to have the opportunity to graduate from college.

33.   The Plaintiff earned a B.S. in Business Administration and Computer Science in 1984.

34.   The Plaintiff is a single parent head of a household comprised of herself and her ten year old daughter.

35.   The Plaintiff began her information technology career after graduating from college.

36.   The Plaintiff's first post college position was with IBM where she was employed as a PC support specialist for several years.

37.   Thereafter, the Plaintiff was employed at, among other

entities, Blue Cross Blue Shield as a LAN support specialist and consultant; at Tascor Corporation, an IBM Corporation business partner, in a LAN administration and support position; at United States Trust Company as a LAN PC support manager; and at Smith Barney Incorporated as a LAN administrator.

38.   In 1997, the Plaintiff commenced her career as an information technologist in the federal government.

39.   From 1997 through April 30, 2009, the Plaintiff was employed by, among others, Telos Corporation, Wang Corporation, Getronics Government Services, Northrop Grumman IT, and 3HT-QinetiQ-NA and assigned, by those entities, to numerous federal government agencies per contracts by the federal government with those business entities which provided contract positions in the information technology fields for agencies of the federal government.

40.   The Plaintiff worked for various federal agencies, by contract through the afore-described business entities with the federal government, at the federal office building located at 26 Federal Plaza, New York City, New York.

41.   The Plaintiff most recently worked, through 3HT-QinetiQ-NA, as an information technologist with the United States Department of Homeland Security agency.

42.   The Plaintiff worked, through a contract between 3HT-QinetiQ-NA and the federal government's Homeland Security agency from 2005 through April 30, 2009. Prior thereto and commencing in

8

or about 1997, the Plaintiff worked, through contracts between various of the previously identified business entities, with the federal government's Immigration and Naturalization Service which, eventually, evolved into the United States Department of Homeland Security.

43.   Through the afore-described business entities and their respective contracts for information technology services with the federal government, the Plaintiff worked for the Department of Homeland Security and prior thereto for the Immigration and Naturalization Service at 26 Federal Plaza, all told, for thirteen years [13] until April 30, 2009.

44.   Per its contract with the federal government for information technology services, 3HT-QinetiQ-NA assigned four positions and four individuals to the United States Department of Homeland Security at the 26 Federal Plaza offices and one individual to an office in Garden City, Long Island, New York.

45.   The four individuals deployed to and employed at the 26 Federal Plaza office included the Plaintiff, an African American woman, and three men, two of whom, Natan Liderman and Alex Manevich, are white, and one of whom, Rosemond August, is African American.

46.   Tracy Glover, the individual deployed to and employed at the Garden City Long Island office, is an African American woman.

47.   On the morning of Thursday, March 26, 2009, the afore-described individuals, at both the 26 Federal Plaza office and at

the Garden City, Long Island office and all of whom were employed
by 3HT-QinetiQ-NA and contracted out to the United States
Department of Homeland Security, were contacted by Kevin Wood, the
New York regional hiring manager of General Dynamics Information
Technology, by an email communication; and all were informed that
each needed to attend a teleconference that afternoon.

48.  At the Thursday afternoon teleconference, which was
conducted by General Dynamics Information Technology and at which
Kevin Wood was in attendance and presiding, the Plaintiff and
other attendees were advised that General Dynamics Information
Technology was the majority contract holder for the informational
technology services contract with the federal government's
Department of Homeland Security and that General Dynamics
Informational Technology would no longer being doing business with
3HT-QinetiQ-NA.

49.  The Plaintiff and other attendees were informed that,
effective April 30, 2009, General Dynamics Information Technology
would no longer have a business relationship with 3HT-QinetiQ-NA,
at least as to the Homeland Security contract.

50. In that regard, the Plaintiff and others were informed, in
essence, that their respective information technology positions
and jobs with 3HT-QinetiQ-NA, with the Homeland Security offices
at 26 Federal Plaza and at Garden City, Long Island, would be
eliminated, effective April 30, 2009.

51. At the same teleconference meeting, the Plaintiff and the

others in attendance were informed by Kevin Wood and others that the four positions at 26 Federal Plaza, New York City, New York and the one position at Garden City, Long Island, New York would be posted on the General Dynamics Information Technology website.

52.   The Plaintiff and the other attendees were encouraged by Kevin Wood and others to visit the General Dynamics Information Technology website that very day and to apply for the four specific job openings for the government contracted for information technology positions, the exact position which the Plaintiff then held and had held for many, many years, more years than the position held by either of the two white males who were employed at 26 Federal Plaza by 3HT-QinetiQ-NA.

53.   The General Dynamics Information Technology personnel told the Plaintiff and others in attendance at the meeting that, because there was a "non compete" clause which General Dynamics had with 3HT-QinetiQ-NA, General Dynamics Information Technology would not be able to solicit 3HT-QinetiQ-NA employees to back fill the posted job openings and that such is why it was necessary for the Plaintiff and others, who were then in the positions being posted, to contact General Dynamics Information Technology and to fill out the on-line job application immediately.

54.   The Plaintiff and others were informed that General Dynamics Information Technology could not contact the Plaintiff and the other 3HT-QientiQ-NA employees, including the two white males, about anything regarding the positions and certainly with

any job offer or effective job offer, prior to April 15, 2009.

55.  The General Dynamics Information job website job position posting was very specific with respect to the requirements for the advertised position:  B.S. in Information Technology; ITL [Information Technology Infrastructure Library] Certification; and National Security Clearance from the United States Department of Defense.

56.  The Plaintiff met all of the requirements for the advertised positions.

57.  For the specific positions that were advertised, the Plaintiff was more qualified than the two white male colleagues as the positions encompassed the duties and functions which she had been performing at the federal government's Homeland Security agency over the course of approximately five years pursuant to her deployment at the agency by 3HT-QinetiQ-NA.

58.  Moreover, it is believed that Rosemond August, the African American male was, as well, more qualified than either of the two white males [Alex Manevich and Natan Liderman].

59.  Finally, it is believed, too, that Tracey Glover, the African American woman deployed to the Homeland Security agency by 3HT-QinetiQ-NA, at the Garden City, Long Island office, was more qualified than either Alex Manevich or Natan Liderman for the comparable position at either of the two offices – the 26 Federal Plaza, New York City office and the Garden City, Long Island, New York office.

60.   On Friday, March 27, 2009, the day after the afore-described teleconference with General Dynamics Information Technology, the Plaintiff submitted her on-line application for the advertised positions to General Dynamics Information Technology.

61.   Based on the discussion with her colleagues in the office at 26 Federal Plaza and/or with Tracey Glover at the Garden City location, Plaintiff believes that Rosemond August, Tracey Glover, and Alex Manevich and Natan Liderman all submitted on line applications for the advertised positions to General Dynamics Information Technology on either the 26th or the 27th of March, 2009 for the positions to be filled at the 26 Federal Plaza location and/or for the position to be filled at the Garden City location.

62.   Notwithstanding that the Plaintiff and others had been informed at the teleconference meeting with General Dynamics Information Technology on March 26, 2009 that General Dynamics Information Technology would not contact any of the 3HT-QinetiQ-NA employees with job offers before April 15, 2009 because of the non compete clause between General Dynamics Information Technology and 3HT-QinetiQ-NA, the Plaintiff and her colleagues were surprised to learn that, prior to April 15, 2009 and more specifically on April 5, 2009, Alex Manevich and Natan Liderman were contacted by Kevin Wood on April 5, 2009 and extended offers for the advertised positions.

63.  The Plaintiff and others learned of such on or about
April 5, 2009.

64.  Given what the Plaintiff and others had been informed by
General Dynamics Information Technology at the March 25, 2009
teleconference where the Plaintiff and others were informed that
none of the 3HT-QinetiQ-NA could or would be offered positions
prior to April 15, 2009 because of the on compete clause, the
Plaintiff sent Kevin Wood an email on April 6, 2009 expressing her
interest in securing one of what she then understood were the two
remaining information technology positions at the 26 Federal Plaza
location, the other two having been offered to her white male,
less qualified than Plaintiff colleagues, Alex Manevich and Natan
Liderman.

65.  The Plaintiff advised Kevin Wood that she would be
leaving for a pre arranged two week European vacation [to attend a
wedding] and the Plaintiff inquired of Mr. Wood whether, in light
of what she had learned about the selection of her two white male
colleagues and their notification of such for the positions
notwithstanding that the Plaintiff and others had previously been
informed by General Dynamics Information Technology that there
would be no selections and notifications of any 3HT-QinetiQ-NA
employees for the positions prior to April 15, 2009, she was still
being considered for either of the other two remaining 26 Federal
Plaza advertised positions for which she had applied.

66.  Defendant Kevin Wood did not respond to the Plaintiff's

14

April 6, 2009 email.

67.   On April 7, 2009, the Plaintiff's last day at work before she commenced her two week vacation, the Plaintiff called Kevin Wood, directly, and asked him if he knew anything about the remaining two advertised positions.

68.   The Plaintiff expressed direct concern about the fact that she had not heard anything even though both Alex Manevich and Natan Liderman had already been contacted and informed of their selections for two of the four advertised positions.

69.   Kevin Wood then stated in response that, as applications were received in the Human Resources Department of General Dynamics Information Technology, they were processed and the individuals were then contacted about the positions.

70.   The Plaintiff asked why she had not heard anything one way or the other since she had submitted her application on March 27, 2009—in the same time frame that Alex Manevich and Natan Liderman had submitted their respective applications for the same positions and that they had heard of their selections.

71.   Kevin Wood indicated that he was not the hiring manager notwithstanding that General Dynamics Information Technology subsequently acknowledged to the United States Equal Employment Opportunity Commission that Kevin Wood was the hiring manager for the positions and notwithstanding that the Plaintiff was aware that he had contacted Alex Manevich and Natan Liderman prior to April 15, 2009 –and prior to the Plaintiff's April 7, 2009

15

conversation with Kevin Wood, and had informed them, respectively, that they had been selected to fill two of the four advertised positions.

72.   From April 14, 2009 through April 28, 2009, the Plaintiff was on vacation -and attending a wedding, in Spain.

73.   The Plaintiff was glued to her blackberry anticipating that she would receive notification of her selection for one of the four advertised positions.

74.   The Plaintiff, Rosemond August, and Tracey Glover were in daily communication with each other about the still two outstanding positions at both the 26 Federal Plaza location and the one position at the Garden City, Long Island location.

75.   During her vacation the Plaintiff also emailed Edward Soto who was, then, the General Dynamics Information Technology lead at 26 Federal Plaza and who reported directly to Kevin Wood.

76.   The Plaintiff inquired of Edward Soto whether or not he had heard anything about the job selection and she was informed, in return, by Edward Soto that he had not heard anything relative thereto.

77.   Notwithstanding that Alex Manevich and Natan Liderman were informed of their respective selections for two of the four positions prior to the April 15, 2009 non compete date, the Plaintiff, Rosemond August, and Tracey Glover all expressed the thought that, they would be contacted after April 15, 2009 and notified of their respective selections at that time.

16

78.   The Plaintiff returned from her vacation on April 28, 2009.

79.   Although the Plaintiff was technically still on vacation from the office until May 4, 2009, the Plaintiff went into her office on April 29, 2009.

80.   When the Plaintiff arrived at her office on April 29, 2009, the Plaintiff asked Edward Soto if she had been selected for the advertised position since April 15, 2009 had come and gone and April 30, 2009 was upon them at which time, if she was not selected, her position with 3HT-QinentiQ-NA would effectively end and be terminated and she would be without a job.

81.   Edward Soto informed the Plaintiff that he had contacted Kevin Wood to inform him that the Plaintiff was in the office and that all Kevin Wood informed Edward Soto was to advise the Plaintiff to give Mr. Soto her assets [her blackberry, her security access badge, etc.].

82.   Edward Soto also told the Plaintiff that Kevin Wood had told Edward Soto to escort the Plaintiff from the building.

83.   The Plaintiff was totally taken aback and shocked and informed Mr. Soto that she was still on vacation and that she was still employed by 3HT-QinetiQ until April 30, 2009.

84.   The Plaintiff, then, contacted Gary Thompson, her immediate supervisor at the facility, in order to get instructions from him about how she should handle the situation.

85.   The Plaintiff did not return her assets on April 29, 2009

but, rather, returned the same via mail on April 30, 2009 when, as of that date, she had not been informed of her selection for one of the four advertised General Dynamics Information Technology positions at the 26 Federal Plaza office of the United States Department of Homeland Security.

86.   The four positions at the 26 Federal Plaza offices of the United States Department of Homeland Security were filled by four males.

87.   They included Alex Manevich and Natan Liderman, the Plaintiff's two white male colleagues from within the 3TH-QinetiQ-NA entity and two males, one Asian and one Hispanic, from outside the 3TH-QinetiQ-NA entity.

88.   The one position at the Garden City, Long Island offices of the United States Department of Homeland Security was filled not by Tracey Glover, the African American female from within the 3TH-QinetiQ-NA entity, but a white male from outside the entity.

89.   The two African American females and the one African American male, all from within the 3TH-QinetiQ-NA, were not hired by General Dynamics Information Technology and were left without positions of employment although each of those individuals, including the Plaintiff, were, it is believed, more qualified to fill the advertised positions than any of the males, including the two white males who were hired from within the 3TH-QinetiQ-NA entity, and including the one white male and the one Hispanic male and the one Asian male who were hired by General Dynamics

Information Technology from outside of the 3TH-QinetiQ-NA entity.

90.  To the extent that it is asserted that those hired were more qualified than the Plaintiff –and, as well, than the other two African American individuals [August and Glover], the most qualified individual of all was Rosemond August whose educational background exceeded the background of any of the hired individuals and whose technical expertise exceeded those who were hired.

91.  So, the ultimate criteria was to hire non African American and non female individuals which was achieved by the hiring of the less qualified three white males including the two white males at the 26 Federal Plaza location [over the African American male and the Plaintiff] and the one white male at the Garden City, Long Island location [over the more qualified African American female] and including the less qualified Hispanic male and the less qualified Asian male at the 26 Federal Plaza location.

92.  The Plaintiff was discriminated by the Defendants because of her race and/or gender [as an African American woman] when she was rejected for and denied the advertised Homeland Security agency information technology positions with General Dynamics Information Technology at 26 Federal Plaza, in lieu of the hiring of less qualified white males and Hispanic and Asian males.

93.  The actions and conduct of the Defendant parties, individually and collectively, violated the Plaintiff's rights under the Civil Rights Act of 1866, 42 U.S.C. Section 1981 [as

amended], Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 [e], et seq. [as amended], and the Thirteenth Amendment to the United States Constitution.

94.   The actions and conduct of the Defendant parties, individually and collectively, violated the Plaintiff's rights under the laws and Constitution of the State of New York, and the City of New York including the Human Rights Law of the State of New York and including the Human Rights Law of the City of New York.

95.   The Plaintiff suffered injuries and damages including lost wages and benefits and including emotional anguish, mental distress, embarrassment, humiliation, and psychological trauma as a consequence of being denied a position for which she was more qualified than those hired into the positions,

FIRST CAUSE OF ACTION

96.   The Plaintiff reiterates Paragraph #'s 1 through 95 and incorporates such by reference herein.

97.   The Plaintiff was discriminated against, because of her race and/or gender [as an African American woman] when the Plaintiff was not hired by the Defendants in violation of her rights as guaranteed under the Civil Rights Acts of 1866, 42 U.S.C. Sections 1981 [as amended], the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000[e] et seq., and the Thirteenth Amendment to the United States Constitution.

98.   The Plaintiff suffered injuries and damages.

20

SECOND CAUSE OF ACTION

99.   The Plaintiff reiterates Paragraph #'s 1 through 98 and incorporates such by reference herein.

100.   The Plaintiff was discriminated against, because of her race and/or gender [as an African American woman], when the Plaintiff was not hired as described by the Defendants in violation of State law including the Defendants' own diversity and affirmative action and anti discrimination policies and practices and including the Human Rights Law of the State of New York and the Human Rights Law of the City of New York.

101.   The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that this Court assume jurisdiction and thereafter:

    a. Invoke pendent claim and pendent party
       supplemental jurisdiction.

    b. Award appropriate equitable relief.

    c. Award compensatory and punitive damages.

    d. Award such other and further relief as
       the Court deems is appropriate and just.

    e. Award reasonable attorney's fees.

    f. Empanel a jury to consider the merits
       of the claims.

DATED: New York, New York
       July 27, 2010

                         Respectfully submitted,

                         /s/James I. Meyerson_____
                         JAMES I. MEYERSON
                         64 Fulton Street-Suite # 502
                         New York, New York 10038
                         [212] 226-3310
                         [212] 513-1006/FAX
                         jimeyesron@yahoo.com
                         ATTORNEY FOR PLAINTIFF
                         BY:_____

22